ORDER
SAYRE, JUDGE:
The claimant, Timothy C. Stafford, on May 23, 2007, made application for an award under the West Virginia Crime Victims Compensation Act. The Claim Investigator on December 5,2007, recommended that no award be granted. The claimant filed a timely response in disagreement. The Court on April 17, 2008, issued an Order upholding the Investigator’s recommendation and denying the claim. The claimant on September 8,2008, requested a hearing. This matter accordingly came on for hearing on December 4, 2008, with the claimant appearing pro se and the State of West Virginia appearing by counsel, Gretchen A. Murphy, Assistant Attorney General.
On August 28,2005, the forty-six-year-old claimant was the victim of criminally injurious conduct in Summers County. The claimant was at his mother’s residence when he observed the offenders, George Cantley and Brian Smith, riding their all-terrain vehicles on W.Va. Route 61 adjacent to the residence. The claimant believed that Mr. Cantley was upset because he saw the claimant associating with an individual whom he disliked. The claimant took a photograph of Mr. Cantley to prove that Mr. Cantley was harassing him by driving back and forth in front of his mother’s property. The claimant testified that Mr. Cantley was trying to run over the claimant’s dogs with his all-terrain vehicle.
Mr. Cantley then stopped his vehicle in front of the residence and told the claimant to stay away from Mr. Cantley’s mother. The claimant replied that he would stop going over to his mother’s house when his mother stopped asking him to come over and help her. The claimant added that he would stop going over there “when my mother and she quits begging from me and begging for more than just a loaf of bread.” Mr. Cantley then reached for an object in his waistband and stated that he was going to blow or tear his head off. The claimant believed that Mr. Cantley was reaching for a gun. When the claimant approached Mr. Cantley, the offender struck him in the head with an aluminum baseball bat. As the claimant struggled to take the bat from the offender’s possession, he broke several bones in his hand. Although Mr. Smith came to Mr. Cantley’s aid during the fight, Mr. Smith did not strike the claimant. After the altercation, the offenders left the scene in their all-terrain vehicles.
As a result of this incident, the claimant went to Appalachian Regional Hospital where he was treated for a scalp laceration, several abrasions on the top of his head, and multiple bone fractures in his hand. Mr. Cantley pleaded guilty to the misdemeanor offense of battery and was sentenced to one year incarceration with a credit for four days time served.
In its initial Order, the Court adopted the Claim Investigator’s recommendation that no award be made because the claimant failed to retreat and take other precautionary measures for his own safety. The claimant has the burden of proving that he was an innocent victim of crime and did not engage in contributory misconduct.
*366 W.Va. Code § 14-2A-3(1) defines contributory misconduct as follows:
“Contributory misconduct” means any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conductthat is the basis of the claim...
It is the claimant’s position that he did not approach Mr. Cantley in order to instigate or continue a fight but in self defense. The claimant testified that he also chose not to retreat because he believed that the offender was carrying a gun, and the offender would have shot him in the back if he tried to walk away. It was not until after the claimant developed the photographs from the night of the incident that he realized that Mr. Cantley’s aluminum bat was in clear view attached to his all-terrain vehicle.
The claimant’s mother, Ruth Loretta Richmond Stafford, testified on her son’s behalf. Ms. Stafford was not present during the time of the incident. Ms. Stafford testified that she knew Mr. Cantley and stated that he was a “terror and people don’t want to get involved with him.” However, she did not present evidence that the claimant attempted to retreat from the altercation.
In the present claim, the Court is of the opinion that the claimant failed to establish that he was an innocent victim of crime. The Court finds that there was no justification for the conduct and actions of the offenders. That said, the Court is not persuaded that the claimant was justified in closing on Mr. Cantley. The Court is of the opinion that to do so was unlawful. The Court further finds that the claimant failed to retreat from the altercation. Thus, the Court is unable to make an award in this claim.
The Court is constrained by the evidence to stand by its previous ruling; therefore, the claim must be and is hereby denied.